UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Criminal No. 3:20-cr-229 |
| v. | : | (JUDGE MANNION) |
| JOSEPH GRAZIANO | : | |

**MEMORANDUM**

Pending before the Court is *pro se* Defendant, Joseph Graziano's, letter, which this Court will construe as a motion, requesting a termination of Defendant's enrollment in the Treasury Offset Program (TOP). TOP is used to withhold and collect federal tax refunds to offset the restitution one owes. (Doc. 13). Defendant contends that the restitution order issued by the sentencing court in the Western District of Pennsylvania (*see U.S.A. v. Jospeh Graziano, Jr.*, No. 2:15-cr-00025 (W.D. Pa.) (Doc. 43)), later modified by this Court, (Doc. 11), outlines a specific installment plan for restitution owed, which limits the Government's ability to enforce the judgment beyond its explicitly stated terms, such as by registering Defendant to TOP. Countering, the Government argues that Defendant has misconstrued both the sentencing order and applicable law, and that Defendant's enrollment in the TOP is consistent with such order, the Department of Justice Policy and the Mandatory Victims Restitution Act (MVRA) for the full and timely

collection of restitution owed. For the following reasons, the Court agrees with the Government and will **DENY** Defendant's motion.

I. **Background**

On May 28, 2015, Defendant Joseph Graziano was sentenced by the Honorable Terrence F. McVerry of the United States District Court for the Western District of Pennsylvania to an aggregate term of ninety (90) months imprisonment followed by five (5) years of supervised release after entering a guilty plea under two criminal dockets to the following offenses:

*USA v. Joseph Graziano, Jr.*, No. 2:13-cr-00259 (W.D. Pa.)

- one (1) count of Bank Embezzlement – 18 U.S.C. §656;
- one (1) count of Bank Fraud – 18 U.S.C. §1344; and
- one (1) count of Mail Fraud – 18 U.S.C. §1341

*USA v. Joseph Graziano, Jr.*, No. 2:15-cr-00025 (W.D. Pa.)

- one (1) count of False Income Tax Return – 26 U.S.C. §7206(1);
- one (1) count of Conspiracy to Commit Offenses Against the United States – 18 U.S.C. §371; and
- one (1) count of Aggravated Identity Theft – 18 U.S.C. §1028(A)(1).

(See *USA v. Joseph Graziano, Jr.*, No. 2:15-cr-00025 (W.D. Pa.) (Doc. 43)).

The sentencing court further ordered Defendant to pay a $600.00 special assessment and restitution in the amount of $4,020,474.85 with minimum monthly installments of no less than 15% of his gross monthly income. (*Id.*, pp. 2, 5, 7-8). As a condition of Defendant's supervised release, the restitution imposed was deemed to "remain[] unpaid at the commencement of the term of supervised release…." (*Id.*, p. 5). In addition,

> The defendant shall *apply all moneys received from income tax refunds*, lottery winnings, inheritance, judgments and any anticipated or unexpected financial gains *to the outstanding Court Ordered financial restitution obligation* within ten (10) days of receipt, unless excused from doing so by Order of Court.
>
> (*Id.*, p. 8) (emphasis added).

On September 16, 2020, jurisdiction was transferred to this Court. (Doc. 1). On or about January 4, 2024, the Government conducted a financial review of Defendant's financial circumstances and determined that the minimum monthly payment should be lowered to $100.00. As a result, this Court issued an order adjusting Defendant's minimum monthly restitution payment to "no less than $100." (Doc. 11). The aforementioned order did not modify the other terms of the Judgment. (*Id.*).

On September 12, 2024, Defendant submitted a letter to this Court requesting to be removed from the Treasury Offset Program (TOP). (Doc.

13). Therein, Defendant contends, among other things, that the government registered him for TOP without his knowledge, and that he believes his enrollment is not appropriate because he is not delinquent in his restitution payments. (*Id.*).

As provided by Government, Defendant's payment history report generated November 13, 2024, shows that his outstanding restitution balance is $4,015,357.83. (*See* Doc. 28, Ex. A). Defendant's payment history further shows that on May 22, 2024, the Western District of Pennsylvania, where the conviction originated, received a payment of $527.00. (*Id.*) However, there is no indication in Defendant's payment history that the Government seized Defendant's tax refund any year since he was sentenced. (*Id.*)

**II.   Discussion**

The Mandatory Victims Restitution Act (MVRA) requires a sentencing court to order defendants to pay full restitution to their victims. *See* 18 U.S.C. §§3663A-3664. Additionally, the MVRA makes civil remedies available to the government for collecting unpaid restitution judgments. *See* 18 U.S.C. §§3613(f), 3664(m)(1)(A). Section 3613(a) further provides that the Government may enforce a judgment under the MVRA using all practices and procedures available for the enforcement of a civil judgment and that

this judgment "may be enforced against all property or rights to property of the person fined." The Treasury Offset Program (TOP) is one such means of enforcing a restitution order.

TOP is a federal program authorized by the Debt Collection Act of 1982, as amended by the Debt Collection Improvement Act of 1996, which permits the Treasury Department to collect delinquent debts owed to federal agencies. *See* 31 U.S.C. §3716. Under TOP "Congress has subjected to offset all 'funds payable by the United States,' §3701(a)(1), to an individual who owes certain delinquent federal debts." *Astrue v. Ratliff*, 560 U.S. 586, 589 (2010). The contours of TOP program have been described in the following terms:

> "The practice of withholding federal payment in satisfaction of a debt is known as an administrative offset." *Reeves v. Astrue*, 526 F.3d 732, 738 n. 3 (11th Cir. 2008). The Debt Collection Improvement Act of 1982, 31 U.S.C. §§3701 *et seq.*, authorizes the Treasury Department "to collect non-tax debts by withholding funds paid out by other federal agencies." *Reeves*, 526 F.3d at 738 n. 3; *see* 31 U.S.C. §3716(a); 31 C.F.R. §285.5. Pursuant to the TOP, any federal agency with a claim against the debtor, after notifying the debtor that the debt is subject to administrative offset and providing an opportunity to dispute the debt or make arrangements to pay it, may collect the debt by administrative offset. *See* 31 U.S.C. §3716(a), (c)(6). In order to do so, the

creditor agency must certify to Treasury that the debt is eligible for collection by offset and that all due process protections have been met. See 31 C.F.R. §285.5(d)(3)(ii), (d)(6). If properly certified, the Treasury Department must administratively offset the debt. See 31 U.S.C. §3716(c)(1)(A).

*Cleveland v. United States*, 2020 WL 3976940, at *2 (M.D. Pa. July 14, 2020) (quoting *Johnson v. U.S. Dep't of Treasury*, 300 F. App'x 860, 862 (11th Cir. 2008) (footnotes omitted)). Under TOP, the Government has the authority to assert an offset against a party who owes criminal restitution.

Defendant contends that he recently learned of his enrollment in TOP without receiving prior notice. (Doc. 13, p. 1) ("I have recently learned that, without my knowledge, the United States Attorney's financial litigation unit has registered me in the [TOP] and directed them to seize my entire federal tax refund each year."). This allegation is flatly contradicted by the "Notice of Intent to Offset" submitted by the Government, which was sent to Defendant over three years ago, on March 19, 2021, whereby Defendant was notified of his enrollment in TOP to collect on the debt he "owe[d] as a result of a judgment" against him for the balance – due at the time – of "$4,021,677.68." (Doc. 28-4, pp. 2-3). Defendant was given "60 days from the date of this notice" to take certain actions to avoid referral, such as "present[ing] evidence that all or part of the criminal or the civil judgment debt is not past

- 6 -

due or that the judgment debt has been stayed or satisfied." (*Id.*). Defendant took no such action. Neither has any of Defendant's federal tax refunds been withheld to offset his restitution debt.[1]

Although Defendant never took any administrative action to challenge his enrollment or had any previous withheld federal tax refunds used to offset his restitution debt, he nevertheless challenges his enrollment as inappropriate because, he argues, his "debt is not delinquent" since he has "not fallen behind in payments, ha[s] not defaulted, and ha[s] consistently fulfilled [his] obligation by paying the installment amount as mandated by this Court." (Doc. 13, p. 1). Furthermore, Defendant alleges that when he spoke with a member of the United States Attorney's financial litigation unit about his TOP enrollment, he was told that the "full restitution amount was due at the time of sentencing" which he contends is an incorrect interpretation of the order as his "judgment d[id] not explicitly state 'due immediately' in plain language anywhere within its text." (*Id.*). In support of his motion, Defendant relies on *United States v. Taylor*, No. CR 06-658-03, 2021 WL 3051901 (E.D. Pa. July 20, 2021) and argues that the Government "exceeded their authority

---

[1] The Government furnished this Court with Defendant's payment history which does not indicate receipt of any payment from TOP to the United States Attorney's financial litigation unit since Defendant's enrollment in 2021. (Doc. 28-1).

and violated the Court's restitution order when they enrolled [him] in the offset of [his] federal tax refunds rather than letting [him] remit it [himself] within ten days receipt." (*Id.*, pp. 1-2). Defendant is both wrong on the law and the facts.

First, in *Taylor*, the defendant was ordered to make restitution payments according to an installment plan of <u>only</u> $100 per month. Our Defendant's monthly restitution payment was initially "of <u>not less than</u> fifteen percent (15%) of the defendant's gross monthly income" and then adjusted to "be <u>no less than</u> $100," effectively setting a minimum threshold and not a defined total amount like *Taylor*. (Doc. 11) (emphasis added). Second, in *Taylor*, the court determined that Taylor's restitution was not "due immediately" since she was ordered to pay pursuant to payment schedule with a defined payment. *Taylor*, 2021 WL 3051901, at *5. This is in opposite to the case here, where the restitution amount was ordered to be paid in full *immediately* without defined payments. As shown in the Background section, the sentencing court's initial order stated, in no uncertain terms, that Defendant owed restitution in the amount of $4,020,474.85 deemed to "remain[] unpaid at the commencement of the term of supervised release," *USA v. Joseph Graziano, Jr.*, No. 2:15-cr-00025 (W.D. Pa.) (Doc. 43, p. 5), and there was no defined payment but a monthly *minimum* to be paid each

month. Furthermore, the *Taylor* court distinguished "restitution orders that either (1) made the full amount of restitution due immediately, regardless of backup payment plan; (2) implemented a payment plan that only set a minimum amount that had to be paid with each installment but did not set a maximum amount, potentially implying that restitution was due immediately; or (3) explicitly permitted collection beyond the amount specified in the payment plan." *Id.* at *10, fn 10, citing *United States v. Wykoff*, 839 F.3d at 582, *Greene, supra*, *United States v. Shusterman*, 331 F. App'x 994, 997 (3d Cir. 2009), and *United States v. Williams*, 898 F.3d 1052, 1055 (10th Cir. 2018). Again, in contrast to *Taylor*'s flat installment rate, the sentencing court here ordered that restitution was due immediately, set a minimum payment and specifically determined that all tax refunds should be applied to the Defendant's restitution obligation. *See USA v. Joseph Graziano, Jr.*, No. 2:15-cr-00025 (W.D. Pa.) (Doc. 43). This Court's February 27, 2024, adjustment order did not change those terms. (Doc. 11). Thus, Defendant's reliance on *Taylor* is misplaced.

  Lastly, the Government is authorized under the MVRA to enforce victim restitution orders in the same manner that it recovers fines and by all other available means, and it may collect restitution in accordance with the practices and procedures for the enforcement of a civil judgment under

- 9 -

federal law or state law, including the Federal Debt Collection Procedures Act. As such, the Government is authorized under the MVRA to seek immediate payment through administrative offset of Defendant's withheld federal tax refunds. *Greene v. United States*, 124 Fed. Cl. 636, 644 (2015) ("[T]he establishment of a payment schedule does not preclude the government from undertaking collection activity, such as referral of a debt to the TOP for offset."); *Stacy v. United States*, No. 19-cr-01, 2022 WL 832603 (N.D. Ill. Mar. 21, 2022) (rejecting challenge to administrative offset even though the criminal defendant appeared to be complying with the installment plan contained in his restitution order); *United States v. Weissenbach*, No. 3:08-cr-172-1, 2010 WL 2246177, at *2 (W.D.N.C. June 2, 2010) ("TOP offsets are not part of any court payment schedule, but are instead part of the government's collection activities. There is no statute that prohibits the United States from conducting such collection activity once the restitution order is imposed, even where there is no payment default or where the Court has established a payment schedule."). Furthermore, the Defendant's enrollment in the TOP is consistent with the Department of Justice's enacted regulations governing its participation in TOP. *See* 28 C.F.R. §§11.10 *et seq.* These regulations provide that DOJ employees "must refer any past-due, legally enforceable debt" for administrative offset. 28 C.F.R.§11.12. The

regulations specifically define delinquent or "past due" debts subject to offset as follows:

> past due debt means a debt that has not been paid or otherwise resolved by the date specified in the initial demand for payment, or in an applicable agreement or other instrument (including a post-delinquency repayment agreement), unless other payment arrangements satisfactory to the Department have been made. Judgment debts remain past due until paid in full.

§11.11(b). Thus, a judgment debt like Defendant's restitution obligation is deemed past due and subject to referral to TOP for offset.

### III.    Conclusion

Based on the aforesaid, the Court finds that Defendant received appropriate notice of his enrollment in TOP, his enrollment is appropriate pursuant to the MRVA, and Defendant's motion (Doc. 13) will be **DENIED**. An appropriate order will follow.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: November 18, 2024**
20-229-01